1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMIE H.,[1] | No. 2:20-cv-00252-MKD |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | ECF Nos. 16, 17 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

1    Before the Court are the parties' cross-motions for summary judgment. ECF

2    Nos. 16, 17. The parties consented to proceed before a magistrate judge. ECF No.

3    6. The Court, having reviewed the administrative record and the parties' briefing,

4    is fully informed. For the reasons discussed below, the Court grants Plaintiff's

5    motion, ECF No. 16, and denies Defendant's motion, ECF No. 17.

6                              **JURISDICTION**

7    The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

8    1383(c)(3).

9                          **STANDARD OF REVIEW**

10    A district court's review of a final decision of the Commissioner of Social

11   Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

12   limited; the Commissioner's decision will be disturbed "only if it is not supported

13   by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

14   1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

15   reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

16   (quotation and citation omitted). Stated differently, substantial evidence equates to

17   "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

18   citation omitted). In determining whether the standard has been satisfied, a

19   reviewing court must consider the entire record as a whole rather than searching

20   for supporting evidence in isolation. *Id.*

ORDER - 2

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in

ORDER - 3

any other kind of substantial gainful work which exists in the national economy."

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

ORDER - 4

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

ORDER - 5

1  the Commissioner must also consider vocational factors such as the claimant's age,

2  education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

3  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

4  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

5  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

6  work, analysis concludes with a finding that the claimant is disabled and is

7  therefore entitled to benefits.  *Id.*

8       The claimant bears the burden of proof at steps one through four above.

9  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

10  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

11  capable of performing other work; and 2) such work "exists in significant numbers

12  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

13  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

14                    **CHILDHOOD DISABILITY INSURANCE BENEFITS**

15       Title II of the Social Security Act provides disabled child's insurance

16  benefits based on the earnings record of an insured person who is entitled to old-

17  age or disability benefits or has died.  42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a).

18  The same definition of "disability" and five-step sequential evaluation outlined

19  above governs eligibility for disabled child's insurance benefits.  *See* 42 U.S.C. §

20  423(d); 20 C.F.R. § 404.1520(a)(1)-(2).  In addition, in order to qualify for

ORDER - 6

disabled child's insurance benefits several criteria must be met.  20 C.F.R. §§ 404.350(a)(1)-(5).  As relevant here, if the claimant is over 18, the claimant must "have a disability that began before [s]he became 22 years old."  20 C.F.R. § 404.350(a)(5).

## ALJ'S FINDINGS

On October 10, 2017, Plaintiff applied for Title II disability insurance benefits, disabled adult child insurance benefits, and Title XVI supplemental security income benefits alleging a disability onset date of October 15, 2013.  Tr. 17, 117, 138, 160, 362-83.  The applications were denied initially and on reconsideration.  Tr. 229-41, 246-57.  Plaintiff appeared before an administrative law judge (ALJ) on August 27, 2019.  Tr. 35-95.  On September 12, 2019, the ALJ denied Plaintiff's claim.  Tr. 14-34.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through March 31, 2016, has not engaged in substantial gainful activity since October 15, 2013.  Tr. 20.  At step two, the ALJ found that Plaintiff has the following severe impairments: multiple sclerosis with vertigo, migraine headaches, anxiety disorder, panic disorder, somatic symptom disorder, and posttraumatic stress disorder.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed

impairment.  Tr. 21.  The ALJ then concluded that Plaintiff has the RFC to perform

light work with the following limitations:

> [Plaintiff] can lift up to 20 pounds at a time occasionally and can lift
> or carry up to ten pounds at a time frequently.  [Plaintiff] has no
> limitation in sitting.  [Plaintiff] can stand or walk up to two hours each
> at one time, and four to six hours total, in any combination, in an
> eight-hour workday with normal breaks.  [Plaintiff] can never climb
> ladders or scaffolds.  [Plaintiff] cannot be exposed to extreme heat,
> and needs a normal office work setting.  [Plaintiff] cannot handle
> exposure to unprotected heights.  Mentally, [Plaintiff] can understand,
> remember, and carry out simple, routine, and/or repetitive work
> instructions and work tasks.  [Plaintiff] can work with, or in the
> vicinity of coworkers, but not in a teamwork-type setting.  [Plaintiff]
> can handle normal supervision (i.e., no over-the-shoulder or
> confrontational type of supervision).  [Plaintiff] is limited to
> performance of work in a routine setting with little or no changes, and
> no fast-paced or strict production quota-work.

Tr. 23.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 26.  At

step five, the ALJ found that, considering Plaintiff's age, education, work

experience, RFC, and testimony from the vocational expert, there were jobs that

existed in significant numbers in the national economy that Plaintiff could perform,

such as office helper, mail clerk, and ticket seller.  Tr. 27.  Therefore, the ALJ

concluded Plaintiff was not under a disability, as defined in the Social Security

Act, from the alleged onset date of October 15, 2013, through the date of the

decision.  Tr. 28.

ORDER - 8

1    On May 19, 2020, the Appeals Council denied review of the ALJ's decision,

2    Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes

3    of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

4                                    **ISSUES**

5        Plaintiff seeks judicial review of the Commissioner's final decision denying

6    her disability insurance benefits and disabled child's insurance benefits under Title

7    II and supplemental security income benefits under Title XVI of the Social

8    Security Act.  Plaintiff raises the following issues for review:

9        1.  Whether the ALJ properly evaluated the medical opinion evidence;

10       2.  Whether the ALJ conducted a proper step-three analysis;

11       3.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

12       4.  Whether the ALJ conducted a proper step-five analysis.

13   ECF No. 16 at 5.

14                                  **DISCUSSION**

15   **A. Medical Opinion Evidence**

16       Plaintiff contends the ALJ erred in his consideration of the opinion of

17   Jessica Craddock, M.D.; Rebecca Alexander, Ph.D.; and Stephen Rubin, Ph.D.

18   ECF No. 16 at 7-16.

19       As an initial matter, for claims filed on or after March 27, 2017, new

20   regulations apply that change the framework for how an ALJ must evaluate

ORDER - 9

medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in

the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative medical
> finding(s), the more persuasive the medical opinions or prior
> administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other
> medical sources and nonmedical sources in the claim, the more
> persuasive the medical opinion(s) or prior administrative medical
> finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not

required to, explain how the other factors were considered.  20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).[3]  However, when two or more medical opinions

_____

[3] The parties disagree over whether Ninth Circuit case law continues to be

controlling in light of the amended regulations.  ECF No. 16 at 7-16; ECF No. 17

at 5-14.  Plaintiff cites to past cases that applied the old regulations in support of

her arguments, ECF No. 16 at 7-16, while Defendant argues the case law

developed under the old regulatory scheme is not applicable to the current case,

ECF No. 17 at 7.  The Court finds resolution of this question unnecessary to the

disposition of this case.  "It remains to be seen whether the new regulations will

meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's

ORDER - 11

1  or prior administrative findings "about the same issue are both equally well-

2  supported ... and consistent with the record ... but are not exactly the same," the

3  ALJ is required to explain how "the other most persuasive factors in paragraphs

4  (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3),

5  416.920c(b)(3).

6  _____

7  reasoning and whether the Ninth Circuit will continue to require that an ALJ

8  provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis

9  of medical opinions, or some variation of those standards."  *Gary T. v. Saul*, No.

10  EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29,

11  2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3

12  (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer

13  to the new regulations, even where they conflict with prior judicial precedent,

14  unless the prior judicial construction 'follows from the unambiguous terms of the

15  statute and thus leaves no room for agency discretion.'"  *Gary T. v. Saul*, No.

16  EDCV 19-1066-KS, 2020 WL 3510871, at *3 (citing *Nat'l Cable & Telecomms.*

17  *Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v.*

18  *Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with

19  prior judicial precedents are upheld unless 'they exceeded the Secretary's authority

20  [or] are arbitrary and capricious.'").

ORDER - 12

*1.  Dr. Craddock*

On August 21, 2019, Dr. Craddock, Plaintiff's treating neurologist, rendered an opinion on Plaintiff's functioning.  Tr. 1200-02.  Dr. Craddock diagnosed Plaintiff with multiple sclerosis and severe anxiety.  Tr. 1200.  Dr. Craddock opined Plaintiff needs to lay down during the day during vertigo attacks; working would cause Plaintiff's condition to deteriorate; Plaintiff would miss four or more days per month if she worked due to vertigo, intermittent tingling, tightness, headaches, and anxiety; she could perform no more than sedentary work; she can occasionally handle and reach; and she would be off task more than 30 percent of the time if she worked full-time.  Tr. 1200-02.  The ALJ found Dr. Craddock's opinion was not persuasive.  Tr. 26.

First, the ALJ found Dr. Craddock's opinion was inconsistent with the record as a whole.  Tr. 26.  Consistency is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(b)(2).  The ALJ noted the medical records contain few abnormal findings.  Tr. 26.  However, while the ALJ identified some normal findings in the records, such as Plaintiff generally having a normal gait and station, strength, sensation, and other neurological findings, Tr. 24 (citing, e.g., Tr.

ORDER - 13

534, 540, 571, 574), the records also contain abnormal findings. Plaintiff had many emergency department and primary care visits for anxiety/panic, suicidal thoughts, headaches, and dizziness. Tr. 565, 569, 605, 739-40, 782-87, 790, 801. MRIs found multiple abnormalities, supporting a multiple sclerosis diagnosis. Tr. 798-800, 884. Plaintiff began experiencing impaired vision in her right eye, at which time new lesions were found. Tr. 800. At the psychological consultative examination, Plaintiff had normal remote and immediate memory, fund of information, and ability to calculate math problems, but had abnormal abstract thinking, recent memory, and judgment, and she had a depressed mood with a congruent affect. Tr. 811-15.

While Dr. Craddock's opinion is based in part on Plaintiff's migraine headaches, Tr. 1200, the ALJ noted that Plaintiff has had minimal treatment for her reported migraine symptoms, Tr. 24. The ALJ found Plaintiff had not sought migraine-specific treatment, medications, nor prophylactic modalities. *Id.* Plaintiff reported headaches at numerous appointments, and sought emergency care for her headache pain. Tr. 565, 569, 589, 595, 643, 654, 672, 690, 697, 704, 717, 744, 782, 790, 1010, 1016, 1192. Plaintiff tried to treat her headaches with hydrocodone, ibuprofen, an unspecified muscle relaxer, and Aleve. Tr. 589, 704, 744, 1002. While the ALJ found Plaintiff did not have treatment for her headaches, Plaintiff's headaches were listed by Dr. Craddock as being a symptom

ORDER - 14

of Plaintiff's multiple sclerosis, Tr. 795, and Plaintiff sought treatment for her multiple sclerosis symptoms. The ALJ's finding that Dr. Craddock's opinion is inconsistent with the medical evidence is not supported by substantial evidence.

The ALJ also found Dr. Craddock's opinion was inconsistent with Plaintiff's own claims. *Id.* However, the ALJ failed to point to any inconsistencies between Dr. Craddock's opinion and Plaintiff's claims. Without some articulation of the inconsistencies between the Plaintiff's claims and the medical source opinion, the Court is unable to meaningfully review this proffered basis for evaluating the medical opinion.

Second, the ALJ gave more weight to Dr. Haynes' opinion than Dr. Craddock's opinion. Tr. 26. Supportability and consistency are the most important factors the ALJ must consider when assessing medical opinions. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ found Dr. Haynes' opinion was consistent with the longitudinal record, and found Dr. Haynes supported his opinion with specific references to the evidence. Tr. 25. The ALJ also found Dr. Haynes was the only doctor who had access to the entire longitudinal record, and he has thorough knowledge of the Social Security rules and regulations. *Id.* The ALJ found Dr. Craddock's opinion cannot be reconciled with Dr. Haynes' opinion. Tr. 26. While the ALJ found Dr. Haynes' opinion is more consistent with the record than Dr. Craddock's opinion, the ALJ's analysis as to why Dr. Craddock's

opinion is inconsistent with the record is not supported by substantial evidence, as

discussed *supra*.  The ALJ did not provide any further analysis as to why Dr.

Haynes' opinion is more consistent with the record than Dr. Craddock's opinion.

Further, Dr. Haynes and Dr. Craddock had conflicting opinions on several issues,

but the ALJ did not provide an analysis as to why he credited Dr. Haynes' opinion

over Dr. Craddock's.  For example, Dr. Haynes opined that Plaintiff's migraines

are a "back burner" issue and not a symptom of Plaintiff's multiple sclerosis, Tr.

25, 51-53, while Dr. Craddock opined Plaintiff's headaches are a symptom of her

multiple sclerosis and contribute to her disabling limitations, Tr. 795, 1200-01.

The ALJ does not set forth any explanation as to why he credited Dr. Haynes'

opinion regarding Plaintiff's headaches over Dr. Craddock's opinion.  Without an

analysis as to why Dr. Haynes' opinion is more consistent with the record than Dr.

Craddock's, the Court is unable to meaningfully review this proffered basis for

evaluating the medical opinion.  On remand, the ALJ is instructed to reconsider Dr.

Craddock's opinion and incorporate the limitations into the RFC or give reasons

supported by substantial evidence to reject the opinion.

### 2.  Dr. Alexander

On May 8, 2018, Dr. Alexander performed a psychological consultative

examination and rendered an opinion on Plaintiff's functioning.  Tr. 811-16.  Dr.

Alexander diagnosed Plaintiff with somatic symptom disorder, posttraumatic stress

disorder, and social anxiety disorder.  Tr. 815.  Dr. Alexander opined Plaintiff's

ability to understand/remember simple instructions is mildly to moderately

impaired; her ability to understand complex instructions is mildly to moderately

impaired; her ability to remember complex instructions, and sustain concentration

and persist, is moderately to markedly impaired; and her ability to interact

appropriately in the workplace, and adapt to changes and stress, is markedly

impaired.  Tr. 816.  The ALJ found Dr. Alexander's opinion is partially persuasive.

Tr. 25.  As the case is being remanded for reconsideration of Dr. Craddock's

opinion, the ALJ is also instructed to reconsider Dr. Alexander's opinion.

    *3.  Dr. Rubin*

        On August 27, 2019, Dr. Rubin testified at Plaintiff's hearing regarding

Plaintiff's psychological functioning.  Tr. 55-67.  Dr. Rubin confirmed Plaintiff's

diagnoses of social anxiety disorder, posttraumatic stress disorder, and somatic

symptom disorder.  Tr. 56-57.  Dr. Rubin opined Plaintiff has mild limitations in

her ability to understand, remember, or apply information; moderate limitations in

her ability to interact with others; moderate limitations in her ability to concentrate,

persist, or maintain pace; and mild limitations in her ability to adapt or manage

oneself.  Tr. 60-61.  Dr. Rubin opined the "C criteria" of the relevant listings were

not met, and thus Plaintiff did not meet a listing.  Tr. 61.  Dr. Rubin further opined

Plaintiff is capable of understanding, remembering, and carrying out simple,

1    routine and/or repetitive instructions in work tasks; she can work with or in the

2    vicinity of coworkers but not in a teamwork setting; she can handle supervision but

3    no over the shoulder confrontational supervision; she would need a work setting

4    with little or no changes; and she could not handle fast paced or strict production

5    work.  Tr. 61-62.  Dr. Rubin opined Plaintiff would "miss quite a bit of time," as

6    she would find it difficult to not miss work, either due to her somatic symptom

7    disorder or other medical problems, but he could not quantify the number of days

8    she would miss with any certainty.  Tr. 65-66.  The ALJ did not adopt the portion

9    of Dr. Rubin's opinion regarding Plaintiff's absenteeism, but found the remainder

10   of Dr. Rubin's opinion was highly persuasive.  Tr. 25.  As the case is being

11   remanded for the ALJ to reconsider Dr. Craddock's opinion, the ALJ is also

12   instructed to reconsider Dr. Rubin's opinion.

13   **B. Step Three**

14        Plaintiff contends the ALJ erred in failing to find Plaintiff meets Listings

15   11.02, 11.09B, 12.06, 12.07, or 12.15.  ECF No. 16 at 16-17.  At step three, the

16   ALJ must determine if a claimant's impairments meet or equal a listed impairment.

17   20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii).  The Listing of Impairments

18   "describes each of the major body systems impairments [which are considered]

19   severe enough to prevent an individual from doing any gainful activity, regardless

20   of his or her age, education or work experience."  20 C.F.R. §§ 416.925, 404.1525.

"Listed impairments are purposefully set at a high level of severity because 'the

listings were designed to operate as a presumption of disability that makes further

inquiry unnecessary.' " *Kennedy v. Colvin*, 758 F.3d 1172, 1176 (9th Cir. 2013)

(citing *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)).  "Listed impairments set such

strict standards because they automatically end the five-step inquiry, before

residual functional capacity is even considered."  *Kennedy*, 758 F.3d at 1176.  If a

claimant meets the listed criteria for disability, he will be found to be disabled.  20

C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii).

        "To *meet* a listed impairment, a claimant must establish that he or she meets

each characteristic of a listed impairment relevant to his or her claim."  *Tackett*,

180 F.3d at 1099 (emphasis in original); 20 C.F.R. §§ 416.925(d), 404.1525(d).

"To *equal* a listed impairment, a claimant must establish symptoms, signs and

laboratory findings 'at least equal in severity and duration' to the characteristics of

a relevant listed impairment . . . ."  *Tackett*, 180 F.3d at 1099 (emphasis in original)

(quoting 20 C.F.R. § 404.1526(a)); 20 C.F.R. § 416.926(a).  "If a claimant suffers

from multiple impairments and none of them individually meets or equals a listed

impairment, the collective symptoms, signs and laboratory findings of all of the

claimant's impairments will be evaluated to determine whether they meet or equal

the characteristics of any relevant listed impairment."  *Tackett*, 180 F.3d at 1099.

However, " '[m]edical equivalence must be based on medical findings," and "[a]

ORDER - 19

generalized assertion of functional problems is not enough to establish disability at step three.' " *Id*. at 1100 (quoting 20 C.F.R. § 404.1526(a)); 20 C.F.R. § 416.926(a).

The claimant bears the burden of establishing her impairment (or combination of impairments) meets or equals the criteria of a listed impairments. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." Social Security Ruling (SSR) 17-2P, 2017 WL 3928306, at *4 (effective March 27, 2017).

*1. Listing 11.02*

The ALJ found Plaintiff's impairments and combinations of impairments did not meet or equal Listing 11.02. Tr. 21. While Listing 11.02 addresses seizures, it is the most closely analogous listing for migraines. HALLEX DI 24505.015(B)(7)(B)(example 2). Listing 11.02 requires migraine headaches be "documented by detailed description of a typical [migraine headache], including all associated phenomena." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 11.02. To be of equal severity and duration, Listing 11.02B requires the migraines occur at least

ORDER - 20

once a week for at least three consecutive months, despite compliance with

treatment.  *Id.*

The ALJ found no treating or examining physician has opined Plaintiff's

impairments meet a listing, and noted the medical evidence does not demonstrate

Plaintiff's impairments are equivalent in severity to a listing.  Tr. 21.  Plaintiff

contends her impairments meet or equal Listing 11.02.  ECF No. 16 at 17.

However, Plaintiff does not present any argument as to how her symptoms meet or

equal Listing 11.02.  As such, Plaintiff has not met her burden in demonstrating

she meets or equals Listing 11.02.

*2.  Listing 11.09*

The ALJ found Plaintiff's impairments and combinations of impairments did

not meet or equal Listing 11.09.  Tr. 21.  Listing 11.09B is met when the claimant

can demonstrate:

> (B)  Marked limitation in physical functioning, and in one of the following:
>     1.  Understanding, remembering, or applying information; or
>     2.  Interacting with others; or
>     3.  Concentrating, persisting, or maintaining pace; or
>     4.  Adapting or managing oneself.

20 C.F.R. § 404, Appendix 1 to Subpt. P., Listing 11.09.

The ALJ found while Plaintiff has been diagnosed with multiple sclerosis,

there is no indication she has a marked limitation that satisfies the paragraph B

criteria.  Tr. 21.  Plaintiff argues she meets Listing 11.09B because she has marked

ORDER - 21

physical limitations during multiple sclerosis flares, and she has marked limitations

in interacting with others and adapting/managing herself. *Id.* Plaintiff contends

her summary of the evidence demonstrates her marked limitations. *Id.* Listing

11.09B requires documentation of a marked limitation in physical functioning,

which as defined in 11.00G3A. 20 C.F.R. § 404, Appendix 1 to Subpt. P., Listing

11.09B. Plaintiff's summary of the evidence does not set forth a specific argument

as to how Plaintiff has a marked limitation in physical functioning. *See* ECF No.

16 at 2-4. Further, Plaintiff largely cites to her self-reported symptoms rather than

objective evidence; non-medical evidence alone is not sufficient to satisfy the

listing. *See id.;* 20 C.F.R. § 404, Appendix 1 to Subpt. P., Listing 11.00B1. As

such, Plaintiff has not met her burden in demonstrating she meets or equals Listing

11.09B.

   *3. Listings 12.06, 12.07, and 12.15*

   The ALJ found Plaintiff's impairments and combinations of impairments did

not meet or equal Listings 12.06, 12.07, nor 12.15. Tr. 21-22. Listing 12.06

requires medical documentation of Plaintiff's symptoms satisfying both the

paragraph A criteria for anxiety disorder, panic disorder/agoraphobia, or obsessive-

compulsive disorder, and the paragraph B criteria, or the paragraph C criteria. 20

C.F.R. § 404, Appendix 1 to Subpt. P., Listing 12.06. Listing 12.07 requires

documentation of Plaintiff's symptoms satisfying the paragraph A criteria related

ORDER - 22

to somatic symptom disorder, as well as the paragraph B criteria.  20 C.F.R. § 404,

Appendix 1 to Subpt. P., Listing 12.07.  Listing 12.15 requires documentation of

Plaintiff's symptoms satisfying both the paragraph A criteria related to trauma and

stressor-related disorders, and the paragraph B criteria, or the paragraph C criteria.

20 C.F.R. § 404, Appendix 1 to Subpt. P., Listing 12.15.

Plaintiff contends her impairments meet or equal Listings 12.06, 12.07, and

12.15.  ECF No. 16 at 17.  While she argues she meets the paragraph B criteria of

the mental health listings because she has two marked limitations, she does not

present any argument as to how she meets or equals the paragraph A criteria of

Listings 12.06, 12.07, nor 12.15.  *Id.*  As such, Plaintiff has not met her burden in

demonstrating she meets or equals Listings 11.02, 12.06, 12.07, nor 12.15.

However, because the case is being remanded on other grounds, the ALJ is also

instructed to perform the five-step analysis anew, including reconsidering whether

Plaintiff meets or equals a listing.

### C. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and

convincing in discrediting her symptom claims.  ECF No. 16 at 17-20.  An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an

ORDER - 23

1  underlying impairment which could reasonably be expected to produce the pain or

2  other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

3  "The claimant is not required to show that [the claimant's] impairment could

4  reasonably be expected to cause the severity of the symptom [the claimant] has

5  alleged; [the claimant] need only show that it could reasonably have caused some

6  degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

7        Second, "[i]f the claimant meets the first test and there is no evidence of

8  malingering, the ALJ can only reject the claimant's testimony about the severity of

9  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

10 rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

11 omitted).  General findings are insufficient; rather, the ALJ must identify what

12 symptom claims are being discounted and what evidence undermines these claims.

13 *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas*, 278 F.3d

14 at 958 (requiring the ALJ to sufficiently explain why it discounted claimant's

15 symptom claims)).  "The clear and convincing [evidence] standard is the most

16 demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

17 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920,

18 924 (9th Cir. 2002)).

19       Factors to be considered in evaluating the intensity, persistence, and limiting

20 effects of a claimant's symptoms include: 1) daily activities; 2) the location,

1  duration, frequency, and intensity of pain or other symptoms; 3) factors that

2  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

3  side effects of any medication an individual takes or has taken to alleviate pain or

4  other symptoms; 5) treatment, other than medication, an individual receives or has

5  received for relief of pain or other symptoms; 6) any measures other than treatment

6  an individual uses or has used to relieve pain or other symptoms; and 7) any other

7  factors concerning an individual's functional limitations and restrictions due to

8  pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

9  404.1529(c).  The ALJ is instructed to "consider all of the evidence in an

10  individual's record," "to determine how symptoms limit ability to perform work-

11  related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

12      The ALJ found that Plaintiff's medically determinable impairments could

13  reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

14  statements concerning the intensity, persistence, and limiting effects of her

15  symptoms were not entirely consistent with the evidence.  Tr. 24.

16      The ALJ's evaluation of Plaintiff's symptom claims and the resulting

17  limitations largely relies entirely on the ALJ's assessment of the medical evidence.

18  Having determined a remand is necessary to readdress the medical source

19  opinions, any reevaluation must necessarily entail a reassessment of Plaintiff's

20  subjective symptom claims.  Thus, the Court need not reach this issue and on

ORDER - 25

1  remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the

2  context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir.

3  2012) ("Because we remand the case to the ALJ for the reasons stated, we decline

4  to reach [plaintiff's] alternative ground for remand.").

5  **D. Step Five**

6  Plaintiff contends the ALJ's step five finding was based on an improper

7  RFC formulation and that Plaintiff should have been limited to sedentary work,

8  with additional limitations, at most.  ECF No. 16 at 20-21.  Based on this premise,

9  Plaintiff also argues the ALJ should have found Plaintiff disabled under the

10 Medical-Vocational Guidelines at step five of the sequential evaluation.  *Id.*  As the

11 case is being remanded on other grounds and the ALJ has been instructed to

12 perform the five-step analysis anew, the Court declines to address this issue.

13 **E. Remedy**

14 Plaintiff urges this Court to remand for an immediate award of benefits.

15 ECF No. 16 at 7, 21.  "The decision whether to remand a case for additional

16 evidence, or simply to award benefits is within the discretion of the court."

17 *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*,

18 761 F.2d 530 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for

19 error, the Court "ordinarily must remand to the agency for further proceedings."

20 *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379

ORDER - 26

F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

Here, the Court finds further proceedings are necessary.  While Plaintiff urges remand for immediate benefits based on Plaintiff meeting a listing, the Court finds Plaintiff has not met her burden in demonstrating she meets a listing, as discussed *supra*.  Plaintiff also urges remand for immediate benefits based on the

rejection of medical opinions and Plaintiff's symptom claims, however there is conflicting evidence, including multiple non-disabling medical opinions, which require resolution of the conflicts.  As such, the case is remanded for proceedings consistent with this Order.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER - 28

1    The District Court Executive is directed to file this Order, provide copies to

2  counsel, and **CLOSE THE FILE.**

3    DATED July 19, 2021.

4                              *s/Mary K. Dimke*
                              MARY K. DIMKE
5                        UNITED STATES MAGISTRATE JUDGE

ORDER - 29